# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MINERVA M. LOPEZ,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-557 |
| v. | : | (JUDGE MANNION) |
| **ANDREW M. SAUL,** Commissioner of Social Security, | : | |
| Defendant | : | |
| | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplement security income under Titles II and XVI of the Social Security Act ("Act") be affirmed. (Doc. 24). Plaintiff has filed an objection to Judge Mehalchick's report. (Doc. 25). The defendant has filed a response to the objection. (Doc. 26). Based upon the court's review of the record in this matter, the report and recommendation will be adopted in its entirety.

As indicated in Judge Mehalchick's report, in January 2016, the plaintiff filed applications under Title II and Title XVI of the Act claiming disability beginning September 6, 2014, due to an open left leg fracture. Her applications were initially denied in April 2016, after which plaintiff filed a

request for hearing. A hearing was held before an administrative law judge ("ALJ") on October 3, 2017. By decision dated January 2018, the ALJ determined that plaintiff is not disabled and not entitled to benefits. Plaintiff's request for review was denied by the Appeals Council.

On April 1, 2019, plaintiff filed the instant action (Doc. 1) to which the Commissioner responded in June 2019 (Doc. 9, Doc. 10). In her briefing, (Doc. 14, Doc. 23), plaintiff raised three bases for reversal or remand: (1) the ALJ erred by failing to find that she could not read, write or speak English; (2) the ALJ erred in finding that she could perform her past relevant work at the light exertional level; and (3) the ALJ erred in finding that her statements were not consistent with the evidence of record.

In her report, Judge Mehalchick determined that each of plaintiff's bases for reversal or remand failed. (Doc. 24). In objecting to Judge Mehalchick's report, plaintiff's only challenge is to Judge Mehalchick's finding on the second basis, i.e., that the ALJ erred in finding that she could perform her past relevant work at the light exertional level. (Doc. 25). Specifically, plaintiff objects to the finding of Judge Mehalchick that it was harmless error for the ALJ to fail to determine if plaintiff's ability to walk precluded performing her past relevant work as a cleaner as actually performed since she also determined that she could perform her past

relevant work as a cleaner as generally performed. Plaintiff argues that she testified that her past relevant work required walking eight hours per day. If plaintiff needed to walk eight hours in an eight-hour day, she argues that this may cause a job to be in a higher exertional category than indicated. Moreover, if plaintiff's need to walk eight hours in an eight-hour workday made her past job medium exertion rather than light, plaintiff argues that she would not have been able to perform it based on the ALJ's residual functional capacity finding. As such, plaintiff requests this court to overrule Judge Mehalchick's report on this basis and reverse the decision of the Commissioner.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy

itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Pursuant to governing regulations, whether the ALJ erred in finding that plaintiff could perform her job as actually performed does not give rise to harmful error unless plaintiff also shows that the ALJ erred in determining that plaintiff could do the job as generally performed See 20 C.F.R. §1560(b)(2) (determining whether claimant can do past relevant work considers whether claimant can do work as actually performed *or* as generally performed) (emphasis added); 20 C.F.R. §416.960(b)(2) (same). See also SSR 82-61, 1982 WL 31387, at *2 (even "if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant

should be found to be 'not disabled.'"). Plaintiff does not challenge the ALJ's finding that she could do her past relevant work as generally performed, but only as she testified she actually performed her past relevant work. The court finds no error on the record with regard to Judge Mehalchick's determination that it was harmless error for the ALJ not to consider whether plaintiff's ability to walk precluded performing her past relevant work as actually performed in light of the fact that there was substantial evidence in the record to support the determination that plaintiff would be able to perform her past relevant work as generally performed.

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** Plaintiff's objections to the report and recommendation of Judge Mehalchick **(Doc. 25)** are **OVERRULED**.

**(2)** The report and recommendation of Judge Mehalchick **(Doc. 24)** is **ADOPTED IN ITS ENTIRETY.**

**(3)** The decision of the Commissioner is hereby **AFFIRMED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 2, 2020**
19-557-01